IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT PICARETTA, | : | Case No. 4:16-CV-02338 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| CHIEF OIL & GAS, LLC; STALLION | : | |
| OILFIELD CONSTRUCTION, LLC; | : | |
| STALLION OILFIELD SERVICES, | : | |
| LTD.; STALLION OILFIELD | : | |
| HOLDINGS, INC.; and STALLION | : | |
| OILFIELD CONSTRUCTION, LLC; | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**February 3, 2017**

Before the Court for disposition is Plaintiff Robert Picaretta's Motion to Remand. For the following reasons, this Motion will be granted.

**I.  BACKGROUND**

On October 11, 2016, Plaintiff Robert Picaretta ("Plaintiff") filed a Praecipe for a Writ of Summons in the Court of Common Pleas of Lackawanna County, Pennsylvania.[1] A Writ of Summons was subsequently served on Defendants Stallion Oilfield Construction, LLC, Stallion Oilfield Holdings, Inc., Stallion Oilfield Services, LTD., Stallion Oilfield Construction, LLC, and Chief Oil and

---

[1] ECF No. 1-1, Exhibit A.

1

Gas, LLC.[2] While not explained in a formal legal filing, the circumstances underlying this nascent action are briefly referenced in a December 22, 2015 Letter from Plaintiff's counsel to the Stallion Defendants.[3] In this letter, Plaintiff alleges that, on December 30, 2014, due to a hazardous condition, he fell on a water tank held by Stallion Defendants and utilized by Defendant Chief Oil and Gas, LLC.[4] This incident occurred when an alleged weld on the stairwell of the water tank broke and Plaintiff fell from a height onto a barrier.[5] He alleges severe and serious injury to his back.[6]

Stallion Defendants filed a Notice of Removal under 28 U.S.C. § 1446 on November 21, 2016.[7] In this Notice, Stallion Defendants alleged that this action is removable to this Court under 28 U.S.C. § 1332 because (1) it is a civil action between citizens of different states, and (2) the amount in controversy exceeds $75,000.[8] Plaintiff thereafter filed a Motion to Remand on December 5, 2016 arguing that, because the Writ of Summons is the only pleading to date in this case,

---

[2] Id. at 4–8.

[3] ECF No. 1-2, Exhibit B.

[4] Id.

[5] Id.

[6] Id.

[7] ECF No. 1.

[8] Id. ¶ 6, at 2.

Stallion Defendants have no credible grounds upon which to assert that the amount in controversy exceeds $ 75,000.[9] Stallion Defendants filed a document in Opposition to this Motion to Remand on December 7, 2016.[10] The matter has since ripened for this Court's disposition.[11]

## II. DISCUSSION

### A. Law

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court,"[12] and "any doubt about the right of removal requires resolution in favor of remand."[13] "It remains the defendant's burden to show the existence and continuance of federal jurisdiction."[14]

---

[9]  ECF No. 9, ¶ 3, at 2.

[10]  ECF No. 10.

[11]  The Court notes that neither party has followed the briefing procedure as set forth in the Local Rules for the Middle District of Pennsylvania.  Specifically, pursuant to Local Rule 7.5, a party should file a supporting brief "within fourteen (14) days after the filing of any motion."  This Rule is suspended only in the following circumstances:

> "(a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion,(b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel." LR 7.5.

[12]  Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir.2007) (Aldisert, J.)

[13]  Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.2009).

[14]  Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir.1987).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." The two primary types of "original jurisdiction" that §1441(a) contemplates are diversity jurisdiction and federal question jurisdiction. Moreover, "federal removal jurisdiction . . . is determined (and must exist) as of the time the complaint is filed and removal is effected."[15]

**B. Analysis**

Plaintiff asks the Court to remand this action to the Court of Common Pleas of Lackawanna County, Pennsylvania due to Defendants Stallion Oilfield Construction, LLC, Stallion Oilfield Services, LTD., and Stallion Oilfield Holdings, Inc.'s ("Stallion Defendants") failure to demonstrate the existence of federal jurisdiction. Based on a review of the arguments advanced by the parties, I will grant this request as the filed pleading in this case has not yet rendered it removable.

Title 28 of the United States Code, Section 1446(b)(1) states the following:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the **initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is

---

[15] Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).

shorter.[16]

Section 1446(c) further stipulates that removal based on diversity jurisdiction under 28 U.S.C. § 1332 must occur no more than "1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[17] In Sikirica v. Nationwide Ins. Co., however, the United States Court of Appeals for the Third Circuit held that the 30 day period prescribed by Section 1446(b)(1) begins to run **only** when a complaint is filed.[18] In so holding, the Third Circuit clarified that "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." The Sikirica Court reasoned that, because a writ of summons under Pennsylvania law requires only the "plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy," it is "insufficient to notify the defendant 'what the action is about.' "[19]

In the matter at hand, Plaintiff instituted this action on October 11, 2016 by

---

[16] 28 U.S.C. § 1446(b)(1)(emphasis added).

[17] Id. § 1446(c).

[18] 416 F.3d 214, 223 (3d Cir. 2005).

[19] Id. (quoting Pa. R. Civ. P. 1351).

filing a "Praecipe for Writ of Summons."[20] Following service on Defendants of the Writ of Summons,[21] Stallion Defendants thereafter removed this case on November 21, 2016.[22] Although this removal was within both the 30 day time period under Section 1446(b)(1) and the one year time period under Section 1446(c), it was based solely on the only pleading filed in this case—the Writ of Summons. Therefore, because it is undisputed that a complaint had not yet been filed, removal of this case was premature per the Third Circuit's clear direction in Sikirica.

In his Motion to Remand, Plaintiff argues that the action should be remanded because the Stallion Defendants have no "legitimate grounds upon which to assert that the amount in controversy exceeds $75,000."[23] While not on all fours with my above reasoning for remand, this argument I believe best encapsulates the difficulty of removal at this very early juncture. Specifically, I find it impossible to determine whether the amount in controversy in fact exceeds the jurisdictional requirement based on the scant information provided by the Writ of Summons. Furthermore, while additional information concerning the instant

---

[20] ECF No. 1-1, Exhibit A.

[21] Id.

[22] ECF No. 1.

[23] ECF No. 9 ¶ 3, at 2.

action can be gleaned from the aforementioned letter submitted together with the Notice of Removal, consideration of this information cannot abrogate this case's required remand where pleading has thus far been limited to a Writ of Summons.[24]

Finally, I am cognizant that, while the instant action of this Court is remand, this case may eventually implicate proper diversity jurisdiction. I make no judgment as to its eventual removability under that provision.

## III. CONCLUSION

Based on the above analysis, Plaintiff's Motion to Remand (ECF No. 9) is granted.

An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[24] See Sikirica, 416 F.3d at 221 (noting that the second paragraph of Section 1446(b) concerning "other paper" sufficient to establish removability "would apply only if the writ of summons could be considered the 'initial pleading'"). See also Lane v. CBS Broadcasting, Civil Action No. 08-CV-0777, 2008 WL 910000, at *7 (E.D.Pa. Apr. 8, 2008).